IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY

               Plaintiffs,

     v.

J.P. MORGAN SECURITIES, LLC, BEAR,
STEARNS & CO. (n/k/a J.P. MORGAN
SECURITIES, LLC), WAMU CAPITAL CORP.,
and J.P. MORGAN CHASE BANK, N.A. (as
successor-in-interest to WAMU CAPITAL CORP.
and WASHINGTON MUTUAL BANK),

               Defendants.

Case No. 13-cv-00580

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

       Pursuant to Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of the following publicly-available documents:

1. Prospectuses and prospectus supplements filed with the Securities and Exchange Commission and relied upon by Plaintiffs in the Complaint (Exhibits 2 through 11 to the Declaration of Hector J. Valdes in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint ("Valdes Decl."));

2. Publicly-available news media reports, court pleadings and congressional hearing transcripts to establish the information available to Plaintiffs years before they filed suit in this matter (Appendix A to Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint ("Appendix A"); Valdes Decl. Ex. 1; Pleadings cited on pages 10 and 11 of Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint ("Defendants' MTD Brief").

**ARGUMENT**

       Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Such notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d). In particular, district courts may take judicial notice of documents in the public record without converting a motion to dismiss into one for summary judgment. See Pugh v. Tribune Co., 521 F.3d 686, 691 n.2 (7th Cir. 2008).

The two categories of documents listed above are proper subjects of judicial notice. First, the prospectuses and prospectus supplements (Valdes Decl. Exs. 2-11), which indisputably are central to Plaintiffs' claims, are subject to judicial notice, both because they are incorporated by reference in Plaintiffs' Complaint and because they were filed with the SEC and are offered only to establish the existence of the disclosures contained therein. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002) (finding that courts assessing a motion to dismiss may consider documents referred to in the complaint, even if not attached to it, provided they are conceded to be authentic and central to the plaintiff's claim); Puskala v. Koss Corp., 799 F. Supp. 2d 941, 955 (E.D. Wis. 2011) (taking judicial notice of defendant's SEC filings in considering motion to dismiss); St. Lucie Cnty. Fire Dist. Firefighters' Pension Trust Fund v. Motorola, Inc., No. 10–C–427, 2011 WL 814932, at *1 (N.D. Ill. Feb. 28, 2011) ("The Court may take judicial notice of SEC filings without converting a motion to dismiss to a motion for summary judgment.").

Second, the publicly-available news media reports, court pleadings and congressional hearing transcripts (Appendix A; Valdes Decl. Ex. 1; Pleadings cited on pages 10 and 11 of Defendants' MTD Brief) are documents whose existence readily can be confirmed, and they are being offered only to establish that such information existed at the relevant time (not to establish the truth or accuracy of the information contained therein). See Tomlinson v. Goldman, Sachs & Co., 682 F. Supp. 2d 845, 846-47 n.2 (N.D. Ill. 2009) (taking judicial notice of news releases and articles for the purpose of evaluating whether they gave plaintiffs inquiry notice of their claim by the relevant date for statute of limitations purposes), aff'd sub nom. Premium Plus Partners, L.P. v. Goldman, Sachs & Co., 648 F.3d 533 (7th Cir. 2011); see also Benak v. Alliance Capital Mgmt., 435 F.3d 396, 401 n.15, 403 nn.19-20 (3d Cir. 2006) (approving judicial notice of news articles to determine inquiry notice because articles "serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); In re Merrill Lynch Auction Rate Sec., Nos. 09-MD-2030(LAP), 10-Civ-0124(LAP), 2012 WL 1994707, at *2 (S.D.N.Y. June 4, 2012) ("The Court may and does also take judicial notice of such news articles as [defendant] submits on the motion to the limited extent they are offered for the purpose of demonstrating the existence of information in the market and not for the truth of the matters asserted therein."); cf. Bardney v. United States, 151 F.3d 1032, at *4 (7th Cir. 1998) (holding that it was proper for district court to take judicial notice of existence of news articles in determining whether lawyer received notice of certain information).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court take judicial notice of (1) Exhibits 1 through 11 of the Valdes Declaration; and (2) the publicly-

available news media reports, court pleadings and congressional hearing transcripts discussed in Appendix A and the court pleadings referenced on pages 10 and 11 of Defendants' MTD Brief.

Dated: November 11, 2013

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP,

By
  /s/ J. Wesley Earnhardt
Daniel Slifkin (*pro hac vice*)
J. Wesley Earnhardt (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com
wearnhardt@cravath.com

QUARLES & BRADY LLP,

By: Donald K. Schott (WBN 1010075)
Matthew J. Splitek (WBN 1045592)
33 East Main St, Ste 900
Madison, WI 53701
608-283-2426
don.schott@quarles.com
matthew.splitek@quarles.com

Attorneys for Defendants