IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CMFG LIFE INSURANCE COMPANY, CUMIS INSURANCE SOCIETY, AND MEMBERS LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> J.P. MORGAN SECURITIES, LLC, BEAR, STEARNS & CO. (n/k/a J.P. MORGAN SECURITIES, LLC), WAMU CAPITAL CORP., and J.P. MORGAN CHASE BANK, N.A. (as successor in interest to WAMU CAPITAL CORP. and WASHINGTON MUTUAL BANK), <br><br> Defendants. | Case No. 13-cv-00580-wmc |

**CUNA MUTUAL'S[1] MEMORANDUM IN OPPOSITION TO
JP MORGAN'S[2] MOTION TO STAY DISCOVERY**

## INTRODUCTION

As Judge Crocker has noted in recent preliminary pretrial conferences in similar cases brought by CUNA Mutual, it is a fundamental practice of this Court to adhere to "tight" case schedules and firm trial dates. In derogation of that practice, JP Morgan requests an indefinite delay that would make it virtually impossible to keep the current February 2016 trial date—which is already months beyond the Court's presumptive outer limit reserved for the most complex of cases.

---

[1] "CUNA Mutual" refers collectively to the three affiliated Plaintiffs: CMFG Life Insurance Company, CUMIS Insurance Society, Inc., and MEMBERS Life Insurance Company.

[2] "JP Morgan" refers collectively to all Defendants.

JP Morgan bears the burden of justifying its extraordinary request to depart from the basic principles of case management under the Federal Rules of Civil Procedure; it fails to do so.

JP Morgan's request boils down to an unfounded assertion that, unlike the thousands of other defendants that have been before this Court, it can postpone discovery merely by filing a motion to dismiss. That assertion has no authority from this Court or others to support it. Indeed, if JP Morgan is unique among defendants, it is because many of its dismissal arguments have already been rejected by this Court or others, and are thus particularly likely to be denied. Any stay of discovery would severely prejudice CUNA Mutual by delaying the inherently lengthy party and non-party discovery process in residential mortgage-backed securities ("RMBS") litigation, increasing the likelihood that relevant documents in the custody of non-parties would no longer be available, and effectively postponing CUNA Mutual's day in court until sometime in late 2016 or 2017. JP Morgan's motion to stay should be denied.

**BACKGROUND**

CUNA Mutual brought this lawsuit to rescind its purchases of more than $110 million of RMBS underwritten and sold by JP Morgan, because JP Morgan induced those purchases by materially misrepresenting the fundamental credit characteristics of the loans acting as collateral for the RMBS. CUNA Mutual filed its Complaint on August 15, 2013. JP Morgan moved to dismiss the Complaint on November 8, 2013. CUNA Mutual filed an opposition to JP Morgan's motion on December 13, 2013. JP Morgan's reply brief is due on January 13, 2014.

CUNA Mutual's Complaint details facts supporting several claims that are likely to survive dismissal because they have already been deemed plausible by this Court and others. *See, e.g.*, *CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc (the "RBS Action"); CUNA Mutual's Memorandum in Opposition to JP Morgan's Motion to Dismiss 13-40 (Doc. 23) (filed Dec. 13, 2013). In the RBS Action, this Court recognized that CUNA Mutual's similar allegations against

2

RBS were sufficient to withstand dismissal. *See CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068 (W.D. Wis. Aug. 19, 2013). While that motion was pending for 15 months, the parties conducted discovery on numerous topics, engaged in depositions, and served expert reports. *See* Memorandum of Law in Support of Defendants' Motion for a Stay of Discovery 3 (Doc. 26) (filed Dec. 17, 2013) ("Defs.' Br."). The parties also obtained discovery from numerous third parties in a process that took many months. In certain instances, it took nearly 12 months to obtain loan files that were necessary for CUNA Mutual's experts to perform their loan re-underwriting work, and CUNA Mutual today continues to work to obtain document authentication declarations from the relevant third parties.

After its first motion to dismiss was denied, RBS subsequently filed a renewed motion to dismiss the Second Amended Complaint. Fact discovery is ongoing during the pendency of RBS's renewed motion to dismiss, and it will continue for another six months to allow for the broad discovery that the Court determined was appropriate.

CUNA Mutual anticipates that discovery in this case will be similar to that in the RBS Action, which involves similar claims and a similar number of faulty securitizations. *See* Defs.' Br. 2-3 (comparing this case to the RBS Action). Here, discovery will be required from a number of defendants and a large number of third parties. As in the RBS Action, the parties will engage several experts to opine on various issues related to the quality of the loans underlying JP Morgan's RMBS. Certain experts will not be able to start their work until the third-party discovery process is completed. If the parties do not commence discovery soon, there is virtually no chance that discovery can be completed in time to avoid jeopardizing the February 2016 trial date recently set by the Court.

**ARGUMENT**

**I.     DISCOVERY SHOULD NOT BE STAYED IN THIS CASE**

    **A.     The Filing of a Motion to Dismiss Does Not Stay Discovery**

While District Courts have discretion in regulating discovery, there is no provision in the Federal Rules for a stay of discovery while a motion to dismiss is pending. Indeed, it is general practice to deny requests for such stays. "The mere filing of a motion to dismiss does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988). . . . [And] 'one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).'" *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1-2 (N.D. Ill. Feb. 20, 2013) (quoting *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, No. 2:08-cv-561, 2009 WL 2485992, at *2 (S.D. Ohio Aug. 11, 2009); citing in *accord Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010)).

"'Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.'" *Id.* at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990)). Accordingly, discovery should only be stayed when a defendant can establish a need for the stay. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

    **B.     JP Morgan Cites No Similar Case Where Discovery Has Been Stayed**

JP Morgan has not met its burden to demonstrate a stay should be entered in this case. Instead, JP Morgan simply makes bald assertions that some discovery stays are routinely granted.

4

*See* Defs.' Br. 5. But JP Morgan's cited cases demonstrate that courts in this Circuit *do not* routinely grant stays of discovery while motions to dismiss are pending. Rather, when faced with a request to stay discovery, courts typically consider whether the motion to dismiss raises an issue pertaining to matters such as the court's jurisdiction, the plaintiff's standing, or the defendant's right to immunity from suit. *See Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1-2 (N.D. Ill. June 6, 2007) (allowing motion to stay discovery pending motion to dismiss where defendants, members of an attorney disciplinary committee, claimed immunity from suit by an attorney they investigated).[3]

*Bilal* and the other cases cited by JP Morgan (at 5-7) involve such circumstances, which are not present in this case. *See Flakes v. Frank*, No. 04-C-189, 2005 WL 1276370, at *1 (W.D. Wis. May 26, 2005) (lifting stay of discovery entered during pendency of motion to dismiss prisoner's complaint for failure to exhaust administrative remedies before bringing suit); *Malone v. Clark*, No. 04-C-229, 2004 WL 2053284, at *1 (W.D. Wis. Sept. 13, 2004) (granting stay of discovery during pendency of motion to dismiss prisoner's complaint for failure to exhaust administrative remedies); *Duneland Dialysis LLC v. Anthem Ins. Co.*, No. 09-CV-36-RLM-PRC, 2010 WL 1418392, at *3-4 (N.D. Ind. Apr. 6, 2010) (granting stay of discovery during pendency of motion to dismiss for lack of standing and ERISA preemption); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (granting stay of discovery during pendency of motion to dismiss antitrust complaint for lack of standing and cognizable claims).[4] And JP Morgan's

---

[3] These issues are sometimes referred to as "threshold" issues. *See Bilal*, 2007 WL 1687253, at *2. Although JP Morgan cites cases (at 6) using the word "threshold" in other contexts, none of those cited decisions held that discovery should be stayed when a statute of limitations defense is raised. *See, e.g., Brinker v. Namcheck*, 577 F. Supp. 2d 1052, 1057 (W.D. Wis. 2008) (referring to "threshold" in the context of addressing arguments in summary judgment motions, and *not* a motion to stay discovery or motion to dismiss, when raising statute of limitations defenses); *Patzka v. Vitberbo Coll.*, 917 F. Supp. 654 (W.D. Wis. 1996) (same).

[4] JP Morgan's other cited cases (at 5-8) involve similarly inapposite circumstances. *See DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2-3 (N.D. Ill. Oct. 28, 2008) (granting motion to stay in antitrust case in light of particular concerns regarding the cost of discovery in antitrust litigation); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (declining to extend discovery period in light of plaintiffs' failure to file timely motions to compel discovery); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008) (ruling that motion to stay discovery would have been granted based on motion to dismiss

citation to an opinion by Judge Conley actually involved the *denial* of a request to stay discovery. *See* Defs.' Br. 5 (citing *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168-wmc, 2010 WL 2079866, at *1 (W.D. Wis. May 19, 2010)).

### C. JP Morgan's Arguments for a Stay Improperly Assume the Pending Motion to Dismiss Will Be Granted

JP Morgan's request for a stay of discovery in this matter is premised on the assumption that JP Morgan will prevail on its pending motion to dismiss. *See, e.g.*, Defs.' Br. 6 (stating this "case should ultimately be dismissed"); *id.* 7 (asserting that CUNA Mutual's claims are "plainly time-barred"). For the reasons set forth in CUNA Mutual's opposition (Doc. 23), JP Morgan's assumption is fundamentally flawed. JP Morgan's motion to dismiss is rife with arguments already rejected by this Court and others in RMBS litigation. Furthermore, a motion to stay discovery should not be granted based on mere speculation about the success of a pending motion to dismiss. *See New England Carpenters*, at *2 (denying discovery stay where defendants' "argument for a stay of discovery is mainly predicated on the assumption that its motion to dismiss has a high likelihood of success," which the court referred to as "mere speculation"). JP Morgan cannot meet its burden to prove a discovery stay is necessary by assuming that its motion to dismiss will be granted.

### D. A Discovery Stay Would Prejudice CUNA Mutual

In any event, the Court's authority to stay discovery should "be exercised so as to 'secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1. Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Thus, the Court should deny a stay of discovery where it would prejudice the parties' ability to prepare the case for a timely trial.

---

premised on plaintiff's failure to exhaust administrative remedies); *Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614 (N.D. Ill. May 14, 2007) (containing no discussion as to why the court entered a stay of discovery, where defendants' primary arguments for dismissal involved choice-of-law issues).

Here, a stay would significantly prejudice CUNA Mutual. This case will require discovery from three defendants and numerous third parties regarding several securitizations. Given the time typically required in RMBS litigation to obtain documents through service of subpoenas on third parties, conduct fact discovery, and complete expert discovery, the parties agreed that a 20-month period is needed from the beginning of discovery until trials commence in the similar cases. If that period does not begin to run until the Court issues a ruling on the motion to dismiss (which, due to the Court's congested docket, took 17 months in the RBS Action), CUNA Mutual would be deprived of a trial until possibly even 2017.

Moreover, as the Supreme Court has recognized, delaying trial increases the danger of prejudice from the loss of evidence. *See Clinton v. Jones*, 520 U.S. at 708. The danger of losing core evidence from third parties—such as loan files and underwriting guidelines— is very real. The fact that some third-party loan originators at issue are now defunct presents challenges locating and obtaining these critical documents.

CUNA Mutual's experience in the RBS Action is instructive. In that case, consistent with the typical practice in RMBS litigation, CUNA Mutual issued third-party subpoenas to obtain loan files and corresponding underwriting guidelines for loans backing each of the ten securitizations at issue. With respect to two deals, the originator and the servicer produced loan files that were uniformly missing critical documents. This resulted in a contentious dispute between competing experts about the effect of that missing documentation. Similar issues relating to missing documentation could easily and needlessly arise in this case if the Court were to grant an indefinite stay of all discovery. There is no compelling reason to risk allowing core evidence to be destroyed or misplaced.

While JP Morgan complains that CUNA Mutual will require discovery, it fails to explain to the Court that much of the materials CUNA Mutual will seek likely have already been gathered for

7

other RMBS litigation that JP Morgan is involved in. JP Morgan suggests that the discovery in this matter will be "particularly burdensome and costly," but provides no support for that proposition, other than to note that significant headway was made in discovery while a similar motion to dismiss was pending in the RBS Action. *See* Def's. Br. 5, 9. That motion to dismiss was largely denied, supporting the efficiency of continuing discovery here.

The cases relied on by JP Morgan support continuing discovery as well. This case does not involve a "threadbare claim," which JP Morgan describes as one ground for a stay. *See* Def's. Br. 8 (citing *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008)). And the caselaw does not require a discovery stay in every complex case, as JP Morgan asserts. *See id.* 9. Indeed, *Coss v. Playtex Products, LLC*, 08 C 5022, 2009 WL 1455358 (N.D. Ill. May 21, 2009), which permitted some discovery during the pendency of a motion to dismiss in a complex class action, explains that "[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *Id.* at *1; *see also id.* at *4 ("this court heavily disfavors discovery stays").[5]

To the extent JP Morgan's complaint is based on concerns that third parties will be subject to discovery requests, JP Morgan lacks standing and information to assess the burden of discovery on third parties. Indeed, it is equally likely that certain third parties who have participated in much of the RMBS litigation already have processes and materials in place to provide discovery without the struggles hypothesized by JP Morgan. JP Morgan's argument that a discovery stay is necessary because there might be discovery disputes in the future is nothing more than speculation. *See* Def's. Br. 9.

---

[5] In *Coss*, a class action involving claims in 13 states under 15 statutes, the Court allowed Plaintiff to propound targeted discovery she needed and Defendant admitted that the requests would not impose undue burden or cost. *Id.* at *4. CUNA Mutual believes that JP Morgan has already produced much of what CUNA Mutual would seek and reproduction would not impose undue burden or cost. In any event, it is JP Morgan's burden to support its assertion that discovery would be unduly burdensome and costly for it. JP Morgan has not met that burden by hypothesizing about potential disputed discovery in the future.

## II. JP MORGAN'S ALTERNATIVE PROPOSAL FOR LIMITED DISCOVERY SHOULD BE REJECTED

JP Morgan asserts (at 4) that it has offered an alternative to staying discovery, but it fails to note that CUNA Mutual responded to this proposal by pointing out that there are other documents critical to the work of CUNA Mutual's experts that are in JP Morgan's possession, such as loan schedules, underwriting guidelines, and trustee reports, which could and should be provided by JP Morgan promptly. Indeed, JP Morgan has been involved in other RMBS litigation, some of which involves the exact same securitizations here, in which these same types of documents have already been gathered and/or produced. Critically, however, Defendants rejected permitting any other discovery before resolution of the motion to dismiss.

For all of the reasons set forth above, the Court should not enter a stay of discovery. If the Court is inclined to enter a stay, however, which would necessarily vacate the current trial schedule, then CUNA Mutual respectfully submits that (1) CUNA Mutual should be allowed to proceed with third-party discovery (2) JP Morgan should be required to provide the documents in its proposal (final loan tapes, closing documents, and working group lists), as well as a few discrete categories of documents that CUNA Mutual requires to meaningfully conduct third-party discovery such as applicable loan schedules, underwriting guidelines, trustee reports, and due diligence project number identifiers, in its possession within 30 days; and (3) any stay should be of a very limited duration, such as two months, and full discovery would commence at the expiration of that period if JP Morgan's motion to dismiss was still pending.

## CONCLUSION

For the foregoing reasons, JP Morgan's Motion to Stay Discovery should be DENIED.

9

| | |
|---|---|
| December 23, 2013 | Respectfully submitted, |
| | */s/ Silvija A. Strikis* |
| Greg G. Gutzler<br>Michael E. Klenov<br>**Korein Tillery, LLC**<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>(314) 241-4844 | Silvija A. Strikis (*pro hac vice*)<br>David C. Frederick (*pro hac vice*)<br>Scott K. Attaway (*pro hac vice*)<br>Whitney C. Cloud (*pro hac vice*)<br>**Kellogg, Huber, Hansen, Todd,**<br>  **Evans & Figel, P.L.L.C.**<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>(202) 326-7900 |
| George A. Zelcs (*pro hac vice*)<br>**Korein Tillery, LLC**<br>205 North Michigan, Suite 1950<br>Chicago, IL 60601<br>(312) 641-9750 | Peggy A. Lautenschlager<br>**Bauer & Bach, LLC**<br>123 East Main Street, Suite 300<br>Madison, WI 53703<br>(608) 260-0292 |
| | *Counsel for Plaintiffs* |