IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

CMFG LIFE INSURANCE COMPANY,
MEMBERS LIFE INSURANCE COMPANY
and CUMIS INSURANCE SOCIETY,

                  Plaintiffs,                   ORDER

   v.                                             13-cv-580-wmc

J.P. MORGAN SECURITIES, LLC,
BEAR, STEARNS & CO. (n/k/a J.P. MORGAN
SECURITIES, LLC), WAMU CAPITAL CORP.
and J.P. MORGAN CHASE BANK, N.A. (as
successor-in-interest to WAMU CAPITAL CORP.
and WASHINGTON MUTUAL BANK),

                  Defendants.
───────────────────────────────────────────────────────────

In this civil action, plaintiffs (collectively, "CUNA Mutual") seek to rescind their purchase of various residential mortgage-backed securities ("RMBS"), which performed dismally and lost much of their value during the collapse of the real estate market. CUNA Mutual does not seek relief under the statutory civil liability provisions of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, or under the fraud provisions of the Wisconsin Uniform Securities Law, Wis. Stat. § 551.501. Rather, it seeks relief in the form of common law contract rescission on the grounds of misrepresentation and mistake, as well as unjust enrichment. As have the defendants in a parallel case decided yesterday, defendants here move to dismiss CUNA Mutual's claims in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* dkt. #15.) Though they put forth numerous grounds for the dismissal of each separate claim, defendants' central contention is that CUNA Mutual's

claims for rescission on the grounds of misrepresentation are time-barred. The court agrees.[1]

The main dispute between CUNA Mutual and defendants in this case, at least as far as its claim for rescission on the ground of misrepresentation is concerned, is one of timing. Defendants argue that this action is governed by Wisconsin's six-year statute of limitations for actions on contract, Wis. Stat. § 893.43.[2] CUNA Mutual asks the court to apply Wisconsin's statute of limitations for "action[s] for relief on the ground of fraud," Wis. Stat. § 893.93(1)(b). Both statutes of limitations require that the suit be commenced within six years of the accrual of the cause of action. The critical difference is that § 893.43 does *not* allow for the application of the discovery rule, meaning that the six-year period begins to run at the moment of breach. *CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 497 N.W.2d 115 (1993). In contrast, § 893.93(1)(b) expressly provides that "[t]he cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Wis. Stat. § 893.93(1)(b).

In this case, there are eleven certificates at issue and CUNA Mutual purchased them from defendants in ten different RMBS. The *latest* of the purchases occurred on January 24, 2007 -- more than six years before CUNA Mutual filed this action on August 15, 2013. (*See* Am. Compl. (dkt. #35) ¶¶ 201, 220, 238, 257, 275, 311, 330, 349, 379, 405.) Thus, if the statute of limitations for contracts (§ 893.43) applies, CUNA Mutual's claims for rescission

---

[1] Defendants have also moved to stay discovery in this case until the court rules on the underlying Rule 12(b)(6) motion. (*See* dkt. #25.) In light of the court's decision granting defendants' motion to dismiss, that motion will be denied as moot as to plaintiffs' contract claims and will be granted pending receipt of plaintiffs' brief on their remaining claims.

[2] Section § 893.43 provides: "An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in § 893.40, shall be commenced within 6 years after the cause of action accrues or be barred."

are time-barred. In contrast, if the fraud statute of limitations applies, the application of the discovery rule may save at least some of CUNA Mutual's claims.

As it did yesterday in *CMFG Life Ins. Co. v. UBS Sec.,* No. 13-cv-576-wmc (W.D. Wis. Jul. 1, 2014), the court concludes that CUNA Mutual's claims for contractual rescission premised on a theory of negligent or strict responsibility misrepresentation (having disavowed any claims of actual fraud in its pleadings)[3] are mired in a legal Catch-22 under Wisconsin law. To the extent its claims sound in contract theory, they are clearly time-barred; to the extent its claims sound in tort, they are clearly barred by Wisconsin's economic loss doctrine. *Id*. at 2-12.

Unlike *UBS Securities*, however, the parties here do *not* address whether CUNA Mutual's claims for rescission on the grounds of mistake and for unjust enrichment are also time-barred. While it appears to the court that they may well be on the same grounds as the claims for rescission based on misrepresentation, *id.* at 12-13, the parties here have not briefed this question. While the dismissal of these claims appears inevitable, the court will give CUNA Mutual 14 days to brief why this is not so. Defendants may then have 7 days to respond. No additional briefing will be allowed.

---

[3] Specifically, in Paragraph 129 of its Complaint, CUNA Mutual states that it "is not specifically alleging that Defendants committed fraud." (Am. Compl. (dkt. #35) ¶ 129.) To the extent that CUNA Mutual now argues that it *did* allege fraud, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

ORDER

IT IS ORDERED that:

(1) defendants' Motion to Dismiss (dkt. #15) is GRANTED with respect to plaintiffs' claims for rescission on the grounds of misrepresentation and RESERVED with respect to all other claims;

(2) plaintiffs may have until July 16, 2014, to brief why its remaining claims should not be dismissed on the same grounds, and defendants may have until July 23, 2014, to respond; and

(3) defendants' Motion to Stay Discovery (dkt. #25) is DENIED as moot with respect to plaintiffs' rescission claims based on misrepresentation and GRANTED with respect to plaintiffs' remaining claims pending decision on the application of the statute of limitations on plaintiffs' remaining claims.

Entered this 2nd day of July, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge