IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY

                Plaintiffs,

     v.

J.P. MORGAN SECURITIES, LLC, BEAR,
STEARNS & CO. (n/k/a J.P. MORGAN
SECURITIES, LLC), WAMU CAPITAL CORP.,
and J.P. MORGAN CHASE BANK, N.A. (as
successor-in-interest to WAMU CAPITAL CORP.
and WASHINGTON MUTUAL BANK),

                Defendants.

Case No. 13-cv-00580

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF CONCERNING
THE DISMISSAL OF THEIR CLAIMS FOR RESCISSION BASED ON
MISTAKE AND UNJUST ENRICHMENT**

# GLOSSARY OF TERMS

"Banc of America":  CMFG Life Ins. Co. v. Banc of America Secs. LLC, No. 13-CV-579-WMC, 2014 WL 2986474 (W.D. Wis. July 2, 2014).

"FAC":  First Amended Complaint, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. Feb. 2, 2014), ECF No. 35.

"July 2 Order":  Order, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. July 2, 2014), ECF No. 38.

"Opening Br.":  Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. Nov. 8, 2013), ECF No. 16.

"Opp. Br.":  CUNA Mutual's Opposition to JPMorgan Defendants' Motion to Dismiss Plaintiffs' Complaint, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. Dec. 13, 2013), ECF No. 23.

"Pls.' Supp. Br.":  CUNA Mutual's Response to the Court's 7/2/14 Order Concerning the Statute of Limitations for CUNA Mutual's Claims for Rescission Based on Mistake and Unjust Enrichment, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. July 16, 2014), ECF No. 39.

"RBS":  CMFG Life Ins. Co. v. RBS Sec. Inc., No. 12-CV-037-WMC, 2013 WL 4483068 (W.D. Wis. Aug. 19, 2013).

"RBS II":  Opinion & Order, CMFG Life Ins. Co. v. RBS Sec. Inc., 12-CV-037-WMC (W.D. Wis. Oct. 9, 2013), ECF No. 291.

"Reply Br.":  Reply Memorandum in Further Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, CMFG Life Ins. Co. v. J.P. Morgan Securities LLC, 13-CV-580-WMC (W.D. Wis. Jan. 13, 2014), ECF No. 32.

"UBS":  CMFG Life Ins. Co. v. UBS Sec., No. 13-CV-576-WMC, 2014 WL 2986472 (W.D. Wis. July 2, 2014).

## PRELIMINARY STATEMENT

In its July 2 Order, the Court gave CUNA the opportunity to explain why its claims for rescission based on mistake and unjust enrichment are timely. CUNA made no attempt to do so. Instead, it offered only an assertion that Defendants waived their statute of limitations arguments and then requested that the Court "hold matters in abeyance". But CUNA's waiver argument is simply wrong and there is no reason to "hold matters in abeyance". To the contrary, now that CUNA has "acknowledge[d] that all three claims stand or fall on the same reasoning", Pls.' Supp. Br. at 2, the Court should dismiss CUNA's remaining claims and enter judgment in favor of Defendants, as it did recently in two similar actions for reasons that apply fully here.

## ARGUMENT

**I.  CUNA'S REMAINING CLAIMS SHOULD BE DISMISSED AS TIME-BARRED.**

**A.  CUNA's Claims for Rescission on the Ground of Mistake Are Time-Barred.**

In UBS and Banc of America, the Court held that CUNA's mistake claims were barred by the six-year contract statute of limitations, Wis. Stat. § 893.43. 2014 WL 2986472, at *6; 2014 WL 2986474, at *2. The same logic compels dismissal here. By its plain text, Section 893.43 encompasses "action[s] upon any contract". Wis. Stat. § 893.43. It is undisputed that CUNA's claims for rescission based on mistake are contractual actions. See Opp. Br. at 32 (citing Restatement (Second) of Contracts §§ 152-53 (1981)); UBS, 2014 WL 2986472, at *1 ("CUNA Mutual seeks relief in the form of common law contractual rescission on the grounds of . . . mistake"); see also Town of Kronenwetter v. City of Mosinee, 197 Wis. 2d 957, at *2-3 (Wis. Ct. App. 1995) (analyzing claim for rescission for mutual mistake under the Restatement of Contracts). CUNA further admits that each of the relevant contracts was entered into more

than six years before it filed its complaint in August 2013.  See FAC ¶ 168 & tbl. 2 (listing purchase dates).  Thus, its mistake claims are time-barred.

  **B. CUNA's Claims for Unjust Enrichment Are Time-Barred.**

  Likewise, in UBS and Banc of America the Court made clear that "unjust enrichment is a claim based on quasi-contract", and, as such, is "subject to the six-year statute of limitations for contract claims".  2014 WL 2986472, at *7; 2014 WL 2986474, at *2.  Such a claim accrues when the benefit upon which it is based is conferred upon Defendants.  See Stapel v. Stapel, 329 Wis. 2d 269, at *6 (Wis. Ct. App. 2010) (per curiam) (claim accrued when tenants made improvements to the property).  The benefit upon which CUNA's claims for unjust enrichment are based is the money that it paid to purchase the certificates (FAC ¶ 616 ("CUNA Mutual conferred onto Defendants a substantial monetary benefit consisting of the certificates' purchase price")), and it is undisputed that the purchases occurred more than six years before it filed this Action in August 2013 (see id. ¶ 168 & tbl. 2 (listing purchase dates)).  CUNA's unjust enrichment claims thus accrued more than six years before it filed suit and, therefore, are untimely and must be dismissed.  See UBS, 2014 WL 2986472, at *7.

  **C. Defendants Have Not Waived the Argument that CUNA's Remaining Claims Are Time-Barred.**

  Defendants have not waived the argument that CUNA's claims for rescission based on mistake and unjust enrichment are time-barred.  To the contrary, a defendant does not waive its statute of limitations defense by failing to raise it in its initial motion to dismiss.  Ennenga v. Starns, 677 F.3d 766, 772-73 (7th Cir. 2012).[1]  Defendants would be permitted to raise their statute of limitations defense in a subsequent motion to dismiss (or a motion for

---

[1] The sole case CUNA cites in asserting waiver, Carroll v. Lynch, 698 F.3d 561 (7th Cir. 2012), is entirely inapposite, as it concerns neither an untimeliness argument nor a motion to dismiss.

2

judgment on the pleadings), id. at 773, but respectfully submit that another round of briefing on this issue would be an unnecessary use of judicial resources, particularly in light of CUNA's "acknowledge[ment] that all three claims stand or fall on the same reasoning", Pls.' Supp. Br. at 2. As the Court recognized in its July 2 Order, the proper time for the adjudication of CUNA's remaining claims is now.

## II. CUNA'S REMAINING CLAIMS ALSO FAIL FOR REASONS SET FORTH BY DEFENDANTS IN THEIR OPENING AND REPLY BRIEFS.

### A. CUNA Does Not, and Cannot, State Claims for Rescission Based on Either Unilateral Mistake or Mutual Mistake.

As explained in Defendants' Opening and Reply Briefs, and as recognized by the Court in RBS, CUNA fails to state claims based on unilateral mistake because it fails to allege fraud or unconscionability and because undoing the purchases at issue would prejudice Defendants. See Opening Br. at 23-27; Reply Br. at 21-24; RBS II, slip op. at 3 n.1 ("Not only does CUNA Mutual not allege unconscionability or the ability to return [defendant] to the status quo, neither of those 'essential conditions' are present here."). CUNA also fails to state claims based on mutual mistake, as the Court recognized in RBS. See Opening Br. at 22-23; Reply Br. at 24; RBS II, slip op. at 2 ("CUNA Mutual pleads no facts in the FAC that make plausible the required factual element that [defendants] and CUNA Mutual were laboring under a mutual misconception with respect to the securities"). Moreover, CUNA's claims for rescission based on mistake, whether unilateral or mutual, are barred by its undue delay in bringing them. See Opening Br. at 11 n.2; Reply Br. at 24; Thompson v. Vill. of Hales Corners, 115 Wis. 2d 289, 319 (1983) ("A party's right to rescind for fraud or mistake is waived if he unreasonably delays in asserting that right . . . after learning of the fraud or mistake giving rise to the right of rescission.").

### B. CUNA Does Not, and Cannot, State Claims for Unjust Enrichment.

As explained in Defendants' Opening and Reply Briefs, and as recognized by the Court in RBS, CUNA fails to state claims based on unjust enrichment because CUNA and Defendants undisputedly reached a contractual agreement for the purchase of the securities at issue. See Opening Br. at 27-28; Reply Br. at 25. "Because there was a contract, the doctrine of unjust enrichment simply does not apply here and CUNA Mutual's unjust enrichment claim must be dismissed." RBS, 2013 WL 4483068, at *13.

### III. THE COURT SHOULD DISMISS CUNA'S REMAINING CLAIMS AND ENTER JUDGMENT FOR DEFENDANTS, AS IT HAS IN THE UBS AND BANC OF AMERICA ACTIONS.

If the Court finds that CUNA's claims for rescission based on mistake and unjust enrichment are time-barred—and CUNA has made no argument to the contrary—it should dismiss those claims and enter judgment in favor of Defendants, as it did on July 2, 2014 in both UBS and Banc of America. No. 13-CV-576-WMC (ECF No. 41); No. 13-CV-579-WMC (ECF No. 44). CUNA puts forth no reason why the Court should treat this Action differently upon reaching the same determination regarding the untimeliness of CUNA's claims.

While CUNA states that it is considering moving for leave to amend to add claims for rescission on the ground of fraud, any such motion should be denied as futile because, among other reasons, those claims would be barred by CUNA's undue delay in bringing them. See, e.g., Thompson, 115 Wis. 2d at 319. It has been nearly eight years since CUNA entered into the relevant contracts, more than six years since much of the public information upon which it relies in the FAC came to light, more than two and a half years since it filed suit in RBS (making nearly identical allegations about six of the seven originators discussed in the FAC), and nearly a year since it filed this Action. It is too late to "[a]llow[] CUNA Mutual to completely change the nature—and indeed the stakes—of this litigation, given the pains plaintiffs themselves took to

plead no claim based on fraud". RBS II, slip op. at 3 (emphasis in original). CUNA offers no reason why fraud claims "could not have been added to the original complaint—or at least proposed as an amendment in response to [the] motion to dismiss". RBS, 2013 WL 4483068, at *18. It should not be permitted to add them at this exceedingly late date simply because its other claims have failed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the July 2 Order, the First Amended Complaint should be dismissed in its entirety with prejudice.

Dated: July 22, 2014

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP,

By
  /s/ J. Wesley Earnhardt
Daniel Slifkin (*pro hac vice*)
J. Wesley Earnhardt (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com
wearnhardt@cravath.com

QUARLES & BRADY LLP,

By:  Donald K. Schott (WBN 1010075)
Matthew J. Splitek (WBN 1045592)
33 East Main St, Ste 900
Madison, WI 53701
608-283-2426
don.schott@quarles.com
matthew.splitek@quarles.com

Attorneys for Defendants

5