IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY

                Plaintiffs,

      v.

J.P. MORGAN SECURITIES, LLC, BEAR,
STEARNS & CO. (n/k/a J.P. MORGAN
SECURITIES, LLC), WAMU CAPITAL CORP.,
and J.P. MORGAN CHASE BANK, N.A. (as
successor-in-interest to WAMU CAPITAL CORP.
and WASHINGTON MUTUAL BANK),

                Defendants.

Case No. 13-cv-00580

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO
CUNA MUTUAL'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

        Pursuant to Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of the following publicly-available documents:

1. Publicly-available news releases and court pleadings used to establish the information available to Plaintiffs by July 30, 2008 (Appendix A to Defendants' Memorandum of Law in Opposition to CUNA Mutual's Motion for Leave to Amend Its Complaint ("Appendix A")).

2. Publicly-available credit rating reports used for the same purpose (Exhibits 1 through 9 to the Declaration of Jacob M. Honigman in Support of Defendants' Memorandum of Law in Opposition to CUNA Mutual's Motion for Leave to Amend Its Complaint ("Honigman Declaration")).

**ARGUMENT**

        Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Such notice may be taken "at any stage of the proceeding". Fed. R. Evid. 201(d).

The two categories of documents listed above are proper subjects of judicial notice. The publicly-available news releases, court pleadings and credit ratings are documents whose existence readily can be confirmed, and they are being offered only to establish that such information existed at the relevant time (not to establish the truth or accuracy of the information contained therein). See Tomlinson v. Goldman, Sachs & Co., 682 F. Supp. 2d 845, 846-47 n.2 (N.D. Ill. 2009) (taking judicial notice of news releases and articles for the purpose of evaluating whether they gave plaintiffs inquiry notice of their claim by the relevant date for statute of limitations purposes), aff'd sub nom. Premium Plus Partners, L.P. v. Goldman, Sachs & Co., 648 F.3d 533 (7th Cir. 2011); Bardney v. United States, 151 F.3d 1032, at *4 (7th Cir. 1998) (holding that it was proper for district court to take judicial notice of existence of news articles in determining whether lawyer received notice of certain information); Entergy Nuclear Vermont Yankee, LLC v. Shumlin, 1:11-CV-99-JGM, 2011 WL 2811317, at *9 (D. Vt. July 18, 2011) (taking judicial notice of Standard & Poor's revision of the plaintiff corporation's "credit outlook").

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court take judicial notice of (1) the publicly-available news releases and court pleadings contained in Appendix A; and (2) the publicly-available credit rating reports submitted as Exhibits 1 through 9 to the Honigman Declaration.

Dated: August 28, 2014 Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP,

By
/s/ J. Wesley Earnhardt
Daniel Slifkin (*pro hac vice*)
J. Wesley Earnhardt (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com
wearnhardt@cravath.com

QUARLES & BRADY LLP,

By: Donald K. Schott (WBN 1010075)
Matthew J. Splitek (WBN 1045592)
33 East Main St, Ste 900
Madison, WI 53701
608-283-2426
don.schott@quarles.com
matthew.splitek@quarles.com

Attorneys for Defendants

3