UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY, et al.,

    Plaintiffs,

v.                                                           Case No. 3:13-cv-580-wmc

J.P. MORGAN SECURITIES, LLC, et al.,

    Defendants.

---

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

        CUNA Mutual's "Notice of Supplemental Authority" (ECF No. 55) not only notified the Court of the Decision and Order in CMFG Life Ins. Co. et al. v. Morgan Stanley, Case No. 3:13-cv-577-rtr ("Morgan Stanley"), but also offered two pages of argument. Here, Defendants briefly identify four reasons why CUNA is incorrect in arguing that the Morgan Stanley rulings "apply equally in this case." (ECF No. 55 at 2.)

        First, this Court has recognized that "if CUNA Mutual's claims sound in tort . . . they would then be barred by Wisconsin's economic loss doctrine." CMFG Life Ins. Co. v. UBS Sec., No. 13-cv-576-wmc, 2014 WL 2986472, at \*5 (W.D. Wis. July 2, 2014). The Morgan Stanley court was simply incorrect to apply the statute of limitations for fraud actions while simultaneously declining to apply the economic loss doctrine.

        Second, the Morgan Stanley court did not address whether CUNA's undue delay should preclude its proposed amendment. As this Court recognized in CMFG Life Ins. Co. v. RBS Sec. Inc., litigants "are not entitled to 'get a free peek' at how their disputes might shake out under a certain standard and ask for reconsideration should they dislike the result." No. 12-cv-037-wmc, 2014 WL 3696233, at \*25 (W.D. Wis. July 23, 2014). That is what CUNA

impermissibly seeks to do here: raise the very fraud allegations that it strategically disavowed until receiving an adverse decision from this Court.

Third, Morgan Stanley is distinguishable because CUNA's initial complaint against Morgan Stanley never was found to be time-barred. By contrast, this Court dismissed CUNA's initial Complaint on the ground that it was not timely filed. (See ECF No. 38; No. 50.) As a result, the fraud claims that CUNA now seeks to raise cannot relate back to CUNA's initial filing. See Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. 2001) ("An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations."). Because they cannot relate back, CUNA's amended claims are time-barred so long as they accrued before July 30, 2008. And as Defendants have explained, CUNA was on inquiry notice prior to that date. (See ECF No. 51 at 8-12.)

Finally, the Morgan Stanley court of course did not address whether CUNA's proposed Second Amended Complaint pleads with particularity that Defendants made any misrepresentation. As Defendants have explained, the purported misstatements alleged in CUNA's proposed Second Amended Complaint indisputably were made by third parties, not Defendants. (See ECF No. 51 at 17-21.)

For all these reasons, the rulings in Morgan Stanley do not apply here. The Court should deny CUNA leave to amend its complaint.

Dated: September 19, 2014    Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP,

Daniel Slifkin (*pro hac vice*)
J. Wesley Earnhardt (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com
wearnhardt@cravath.com

QUARLES & BRADY LLP,

By
  /s/ Matthew J. Splitek
Donald K. Schott (WBN 1010075)
Matthew J. Splitek (WBN 1045592)
33 East Main St, Ste 900
Madison, WI 53701
(608) 283-2426
don.schott@quarles.com
matthew.splitek@quarles.com

Attorneys for Defendants