IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CMFG LIFE INSURANCE COMPANY, CUMIS INSURANCE SOCIETY, AND MEMBERS LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN SECURITIES, LLC, BEAR, STEARNS & CO. (n/k/a JPMORGAN SECURITIES, LLC), WAMU CAPITAL CORP., and JPMORGAN CHASE BANK, N.A. (as successor-in-interest to WAMU CAPITAL CORP. and WASHINGTON MUTUAL BANK),<br><br>Defendants. | Case No. 13-CV-00580<br><br>Hon. William M. Conley |

## CUNA MUTUAL'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING DECISION ON APPEAL IN A SIMILAR CASE

CUNA Mutual (collectively, the above-captioned Plaintiffs) respectfully seeks a temporary stay pending decision on appeal from this Court by the Seventh Circuit on several threshold issues that will necessarily impact this case. *See CMFG Life Ins. Co. v. RBS Securities, Inc.*, No. 14-2904 (7th Cir. filed Aug. 28, 2014), *on appeal from CMFG Life Ins. Co. v. RBS Securities, Inc.*, No. 12-cv-00037 (W.D. Wis.), (Conley, J.) ("*RBS*"). Briefing in that appeal will be completed by February 19, 2015, and the Seventh Circuit's decision will impact this case in important ways that will establish or significantly impact the legal standard for certain issues.

A stay would thus conserve judicial resources, sharpen the focus of potential discovery, and save the parties significant time and money. Neither party will suffer prejudice. CUNA Mutual asked Defendants for consent to this stay request, but they refused.

**RELEVANT BACKGROUND**

This case is one of four actions pending in this Court in which CUNA Mutual has brought claims for rescission and unjust enrichment arising from its purchases of millions of dollars in residential mortgage-backed securities ("RMBS") from various Wall Street investment banks; a fifth such case is also pending before Judge Randa.[1]

CUNA Mutual has moved for leave to amend its complaint in this action to specifically allege rescission based on intentional misrepresentations—the very ground for rescission Judge Randa recently permitted CUNA Mutual to pursue against Morgan Stanley in *CMFG Life Insurance Co. et al. v. Morgan Stanley*, No. 3:13-cv-00577 (W.D. Wis. Sept. 12, 2014). *See* ECF No. 43; Notice of Supplemental Authority, ECF No. 55. This motion is still pending.

The issues on appeal in *RBS* that bear directly on this case include (1) the applicable statute of limitations; (2) the legal standard concerning alleged misrepresentations by a securities underwriter, including whether certain statements can be described as mere puffery such that securities investors cannot reasonably rely on them as a matter of law; (3) the legal standard for CUNA Mutual's reliance on such misrepresentations, including the role of course of dealing and industry custom and consideration of corroborating evidence; and (4) whether a securities underwriter, rather than various third parties—is responsible for its representations in securities offering documents. *See, e.g., RBS*, No. 12-cv-00037, 2014 WL 3696233 (W.D. Wis. July 23, 2014) (decisions, *inter alia*, on summary judgment).

---

[1] *CMFG Life Ins. Co. v. Banc of Am. Secs. LLC*, No. 13-cv-00579 (W.D. Wis.); *CMFG Life Ins. Co. v. Credit Suisse Secs. (USA) LLC*, No. 14-cv00249 (W.D. Wis.)*; CMFG Life Ins. Co. v. UBS Sec. LCC*, , No. 13-cv-00576 (W.D. Wis.); and *CMFG Life Ins. Co. v. Morgan Stanley & Co.*, Inc., No. 13-cv-00577 (W.D. Wis.) (Randa, J.).

2

**ARGUMENT**

Because the *RBS* appeal involves several important issues bearing directly on this case, CUNA Mutual requests the Court to stay this case pending the *RBS* appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (Cardozo, J.). Courts within the Seventh Circuit typically apply a balancing test, examining the following factors: "(1) whether the litigation is at an early stage . . .; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Tonn & Blank Constr., LLC v. Sebelius*, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (Crabb, J.)).

All four factors favor a stay in this case. First, this case is at an early stage, and (at Defendants' request) no discovery has begun. Second, neither party nor the court will be prejudiced. Third, the Seventh Circuit's decision will resolve several key issues and otherwise provide guidance about the proper legal and evidentiary standards for the statute of limitations, evaluation of the alleged misrepresentations, evaluation of the evidence of reliance, and the duties of a securities underwriter. Finally, issuing a temporary stay pending the Seventh Circuit's decision on these issues can only reduce the burden of litigation on this Court and the parties.

Indeed, when the appeal of a similar case will resolve important issues, a stay is proper if it does not prejudice the other party. *Tonn & Blank* is instructive. There, construction company Tonn & Blank challenged a portion of the Patient Protection and Affordable Care Act. 968 F. Supp. 2d at 992. A motion to dismiss was pending, and other companies had filed similar challenges that

were pending on appeal before the Seventh Circuit. *Id.* These appeals involved "the very same substantive claims raised" by Tonn & Blank—even if some factual differences existed—so the Seventh Circuit's decision would "substantially affect the outcome" of the *Tonn & Blank* case. *Id.* at 993-94.

Because of the overlap, the government sought a stay. Tonn & Blank argued it would suffer prejudice in the interim because it needed to plan budgets and negotiate its health plans, but the court disagreed: regardless of how the court ruled on the government's motion to dismiss, the Seventh Circuit's position was still uncertain, so Tonn & Blank would still be planning its budgets in an environment of uncertainty. *Id.* at 994. As the court explained, "[The] guidance provided by the Seventh Circuit will make up for any delay caused by a temporary stay, and will prevent the Court's determination on issues that may ultimately be supplanted by the Seventh Circuit's decision." *Id.* Thus, in the interests of judicial economy and justice, the court granted the stay pending the outcome of the appeal in similar cases. *Id.* at 995.

The same result should obtain here. The Court and the parties will benefit from the Seventh Circuit's guidance on important issues affecting this case before proceeding further, and a stay will yield significant benefits without causing any prejudice.

## CONCLUSION

The Court should issue a temporary stay pending the Seventh Circuit's decision in *RBS*.

DATE: October 3, 2014

*/s/ Silvija A. Strikis*
David C. Frederick (*pro hac vice*)
Silvija A. Strikis (*pro hac vice*)
Scott K. Attaway (*pro hac vice*)
**Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

4

(202) 326-7900
dfrederick@khhte.com
sstrikis@khhte.com
sattaway@khhte.com

Greg G. Gutzler
Tamara M. Spicer
Steven M. Berezney
Michael E. Klenov
John C. Craig
Garrett R. Broshuis
**Korein Tillery, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
ggutzler@koreintillery.com
tspicer@koreintillery.com
sberezney@koreintillery.com
mklenov@koreintillery.com
jcraig@koreintillery.com
gbroshuis@koreintillery.com


George A. Zelcs (*pro hac vice*)
**Korein Tillery, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
(312) 641-9750
gzelcs@koreintillery.com


Peggy A. Lautenschlager
**Bauer & Bach, LLC**
123 East Main Street, Suite 300
Madison, WI 53703
(608) 260-0292
lautenschlager@bauer-bach.com

***Counsel for Plaintiffs***

5