IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY

        Plaintiffs,

    v.

J.P. MORGAN SECURITIES, LLC, BEAR,
STEARNS & CO. (n/k/a J.P. MORGAN
SECURITIES, LLC), WAMU CAPITAL CORP.,
and J.P. MORGAN CHASE BANK, N.A. (as
successor-in-interest to WAMU CAPITAL CORP.
and WASHINGTON MUTUAL BANK),

        Defendants.

Case No. 13-cv-00580

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
CUNA MUTUAL'S MOTION TO STAY PENDING DECISION IN <u>CMFG v. RBS</u>**

---

        CUNA's motion to stay should be denied. CUNA initially brought claims for rescission on the grounds of non-intentional misrepresentation, mistake and unjust enrichment. (ECF No. 1; ECF No. 35.) Those claims were dismissed in their entirety. (ECF No. 38; ECF No. 50.) Rather than appeal that dismissal, CUNA moved this Court for leave to amend its complaint to add claims for rescission on the ground of intentional misrepresentation. (ECF No. 43.) As a result, the only issue currently before the Court is whether CUNA may amend its complaint to add intentional misrepresentation claims. Defendants are entitled to a "just, speedy and inexpensive" resolution of that issue. Fed. R. Civ. P. 1.

        Granting a stay pending resolution of the RBS appeal will not contribute to a just, speedy and inexpensive resolution of either that issue or this case. For instance, Defendants argue that CUNA's motion to amend should be denied because, even if Wisconsin's fraud statute

of limitations applies to CUNA's new claims, CUNA was on inquiry notice of its claims prior to July 30, 2008. That is a dispositive issue. But the RBS appeal will have no bearing on it because the RBS appeal does not involve "inquiry notice" issues at all (see CMFG Life Ins. Co. v. RBS Secs. Inc., No. 12-CV-037-WMC, 2014 WL 3696233, at *24 (W.D. Wis. Jul. 23, 2014)), let alone whether CUNA was on inquiry notice of the new claims it attempts to assert here on the inquiry notice date relevant to this action. Likewise, CUNA's proposed amended complaint fails because it does not allege that Defendants made any material misrepresentation with fraudulent intent. That, too, is a dispositive issue. But the RBS appeal does not involve issues of fraudulent intent at all, let alone the alleged fraudulent intent of these Defendants.

This case is more like Grice Eng'g, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920-21 (W.D. Wis. 2010), in which the court denied a stay pending appeal because it was "far from clear whether the [appellate] decision will resolve or simplify the issues of this case", than Tonn & Blank Constr., LLC v. Sebelius, 968 F. Supp. 2d 990, 994 (N.D. Ind. 2013), in which the court determined that "the outcome of the [appeal] is likely to substantially affect the outcome of this litigation". Thus, the Court should deny CUNA's motion to stay this litigation.

Dated: October 7, 2014

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP,

By
   /s/ J. Wesley Earnhardt
   Daniel Slifkin (pro hac vice)
   J. Wesley Earnhardt (pro hac vice)
   Worldwide Plaza
     825 Eighth Avenue
       New York, NY 10019
        (212) 474-1000
         dslifkin@cravath.com
          wearnhardt@cravath.com

QUARLES & BRADY LLP,

By: Donald K. Schott (WBN 1010075)
Matthew J. Splitek (WBN 1045592)
33 East Main St, Ste 900
Madison, WI 53701
608-283-2426
don.schott@quarles.com
matthew.splitek@quarles.com

Attorneys for Defendants